UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NEXPAY, INC., | |
| Plaintiff/Counter-Defendant, | Case No. 3:14-cv-01749 |
| v. | Judge Trauger |
| COMDATA NETWORK, INC., | Magistrate Judge Newbern |
| Defendant/Counter-Plaintiff. | |

To the Honorable Aleta A. Trauger, District Judge:

### REPORT AND RECOMMENDATION

Pending before the Court is Defendant/Counter-Plaintiff Comdata's motion to dismiss its counterclaim voluntarily without prejudice (Doc. No. 119), to which NexPay has responded (Doc. No. 127) and Comdata has replied (Doc. No. 132). This matter has been referred to the undersigned magistrate judge for resolution. (Doc. No. 121.) For the reasons stated herein, it is RECOMMENDED that Comdata's motion be GRANTED upon the acceptance of certain conditions.

**I.      Background**

The underlying facts of this matter are familiar to the parties and the Court. This case arises out of an agreement entered into in 2012 between Plaintiff/Counter-Defendant NexPay and Defendant/Counter-Plaintiff Comdata to process virtual payments for clients in the healthcare industry using a funding-at-authorization payment model. (Doc. No. 43.) NexPay and Comdata entered into confidentiality and non-disclosure agreements to facilitate discussion of their potential partnership. (*Id.*) NexPay claims that Comdata breached those agreements and misappropriated its

1

proprietary funding-at-authorization model to contract directly with clients. (*Id.*) Comdata, in turn, has brought breach of contract and misappropriation of trade secrets counterclaims against NexPay, asserting that it was NexPay who wrongfully used Comdata's confidential information. (Doc. No. 46.)

**I.      Legal Standard**

If an answer or motion for summary judgment has been served and not all parties stipulate to dismissal, "an action may be dismissed at the plaintiff's [or counter-plaintiff's] request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). An abuse of discretion will generally only be found where a defendant "would suffer 'plain legal prejudice' as a result of dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (quoting *Grover*, 33 F.3d at 718). In determining whether "plain legal prejudice" would result, the court should consider such factors as, "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* Importantly, the court may condition a Rule 41(a)(2) dismissal without prejudice on "whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Id.* at 954.

**III.    Analysis**

Comdata asserted two counterclaims against NexPay in its Answer to Plaintiff's Second Amended Original Petition and Counterclaim, alleging misappropriation of trade secrets and

2

breach of contract. (Doc. No. 46.) These counterclaims are the subject of NexPay's motion to compel answers to its Interrogatories 3 and 5, which ask for the facts underlying Comdata's claims "including facts identifying the alleged trade secrets Comdata claims NexPay misappropriated from Comdata in Comdata's counterclaim." (Doc. No. 99, PageID# 1002.) In a hearing held on NexPay's motion to compel, counsel for Comdata described the basis for its counterclaims as "a syllogism" which it describes as follows: "(1) Comdata independently created its funding files and funding methodologies, (2) NexPay claims to have funding files and methodologies that are the same as or that mirror Comdata's, and (3) therefore, if any entity copied the other's funding file and related technology it would have been NexPay." (Doc. No. 119, PageID# 1330.) Comdata's counsel admitted that it has no independent facts to support its counterclaims; they are simply the mirror image of NexPay's causes of action. The trade secrets NexPay identifies as having been misappropriated by Comdata are the trade secrets Comdata asserts have been misappropriated by NexPay.

Shortly after a hearing on NexPay's motion to compel, Comdata moved to voluntarily dismiss its counterclaims without prejudice. (Doc. No. 119.) As grounds for its motion, Comdata cites NexPay's ongoing bankruptcy, filed on June 24, 2015. (Doc. No. 52.) Comdata states that, in light of NexPay's financial status, "economic reality mitigates against Comdata continuing to pursue its claims." (*Id.*, PageID# 1331.) NexPay opposes an unconditional dismissal without prejudice of Comdata's counterclaims, arguing that "NexPay has spent too much time and too many resources on developing defenses to such claims . . . for Comdata to dismiss them now and without prejudice." (Doc. No. 127, PageID# 1419.) NexPay asks the Court to dismiss the counterclaims with prejudice or, in the alternative, to condition dismissal upon Comdata's payment of NexPay's reasonable fees and costs incurred in defending against the counterclaims. Applying

3

the *Grover* factors, the undersigned believes that dismissal without prejudice is appropriate if executed with conditions that will offset NexPay's costs in defending against Comdata's counterclaims to this point.

Central to the undersigned's evaluation of Comdata's motion is the apparently undisputed fact that Comdata does not have an independent factual basis for its counterclaims. Instead, as Comdata's counsel has admitted, they are merely a syllogism that turns NexPay's own allegations against it. (Doc. No. 119, PageID# 1330.) NexPay's primary effort in defending against these counterclaims, therefore, has been an attempt to determine the factual basis for Comdata's counterclaims through discovery and, ultimately, a motion to compel. (Doc. No. 99.) That motion to compel appears to have spurred Comdata's motion to dismiss, at least in part.

While Comdata states that the economic realities occasioned by NexPay's bankruptcy are the reason it now seeks to dismiss its counterclaims, NexPay's bankruptcy has been in place for more than two years. (Doc. No. 52.) This explanation is therefore either incomplete or an indication of some delay on Comdata's part in moving to dismiss its counterclaims. However, because the case remains in discovery and no dispositive motion has yet been filed, the undersigned believes that any prejudice NexPay may suffer from the dismissal without prejudice of Comdata's counterclaims can be sufficiently addressed through an award of fees and costs arising from NexPay's efforts to defend against Comdata's counterclaims to date.

NexPay argues that it will face the additional prejudice of having to relitigate Comdata's counterclaims through the claims objection process in its bankruptcy, which is pending in the Northern District of Texas. (Doc. No. 127, PageID# 1416.) While the undersigned agrees that it would be prejudicial and a waste of judicial resources for the parties to resolve Comdata's counterclaims in a Texas bankruptcy court instead of in this litigation, it does not appear that will

be the result of a voluntary dismissal. The basis for Comdata's claim in NexPay's bankruptcy is stated as "[a]ll monetary damages requested by Comdata against NexPay, Inc., in *Defendant's Answer to Plaintiff's Second Amended Original Petition and Counterclaim* (Doc. No. 46) ("Comdata Counterclaim"), which amount is unknown at this time[.]" (Doc. No. 127-1, PageID# 1425.) It appears, therefore, that the dismissal of Comdata's counterclaims in this action will also moot its claim in NexPay's bankruptcy.

Accordingly, the undersigned finds that voluntary dismissal without prejudice of Comdata's counterclaims is appropriate if conditioned upon Comdata's payment to NexPay of all reasonable attorney's fees and costs associated with its discovery requests directed at learning the facts underlying Comdata's counterclaims and its motion to compel (Doc. No. 99) as it relates to Interrogatories 3 and 5.

## IV. Recommendation

The undersigned magistrate judge RECOMMENDS that Comdata's motion to dismiss its counterclaims without prejudice be GRANTED upon Comdata's agreement to pay NexPay's reasonable attorney's fees and costs associated with its discovery regarding the factual basis for Comdata's counterclaims and its motion to compel as it relates to Interrogatories 3 and 5. The undersigned suggests that Comdata be assessed half of NexPay's fees and costs in bringing the motion to compel, recognizing that the motion also addressed other aspects of discovery.

Any party has fourteen (14) days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further

5

appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 6th day of October, 2017.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge